IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:25-CR-108-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER STEVEN LANCASTER,<br><br>Defendant. | ORDER |

This matter comes before the court on the *pro se* motions of Defendant requesting a new competency hearing and appointment of new counsel. [DE-28, -29]. On April 29, 2026, after competency evaluation and a hearing, pursuant to 18 U.S.C. § 4241 and § 4247, Defendant was committed for competency restoration. [DE-27]. Defendant's letters to the court, construed as motions, indicate that more than three months later Defendant is still in the custody of the U.S. Marshals at a detention facility in Pikeville, Kentucky awaiting transfer to a Bureau of Prisons facility for treatment. Defendant states he suffers from serious health issues that are not being addressed, lodges complaints regarding his conditions of confinement, and asserts he is competent and requests a new competency hearing. Finally, Defendant states he has been unable to contact counsel to assist him in addressing these issues.

The court held a telephonic status conference with counsel on August 25, 2026, regarding the issues raised in the motion. Counsel for the Government advised that Defendant was currently 15 of 63 individuals on the waiting list to receive restoration services at FMC Butner, and that he underwent a medical procedure in June. A representative of the U.S. Marshals Service reported that Defendant was being housed at a detention facility in Pikeville, Kentucky, which is standard

for those awaiting transfer to FMC Butner. Finally, defense counsel attributed Defendant's ongoing complaints regarding his health conditions to his mental health disorders, which is consistent with the results of Defendant's forensic evaluation. [DE-25].

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988), *abrogated on other grounds by Fields v. Murray*, 49 F.3d 1024 (4th Cir.1995) (en banc). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108. The court finds appointment of new counsel at this time is not warranted. It appears the communication breakdown between counsel and client is attributable to Defendant's mental health conditions for which he is awaiting restoration services. Similarly, Defendant received a full and fair competency hearing, and the court finds no reason to revisit the competency issue at this time. After Defendant's period of restoration is complete, the court will consider the issue of competency in accordance with §§ 4241 and 4247(d). Accordingly, the motions for new counsel and for a new competency hearing are denied.

SO ORDERED, this 28th day of August, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge